UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELDEMETRIC R. THOMAS,<br><br>        Plaintiff,<br><br>   v.<br><br>THE HOME DEPOT U.S.A., INC., ET AL.,<br><br>        Defendants. | No. 2:13-cv-2250-TLN-AC<br><br><br>ORDER |

       This matter was referred to the undersigned in accordance with Local Rule 302(c)(1). Before the court is plaintiff Veldemetric R. Thomas's motion to continue the hearing on defendant the Home Depot, U.S.A., Inc.'s ("Home Depot") motion to compel. Plaintiff's motion argues that she needs a continuance in order to replace her attorney, David Springfield. According to plaintiff, Mr. Springfield has been unreachable via email since August 18, 2014. Plaintiff also claims Mr. Springfield has neglected to return her numerous calls and has not given her any information regarding her case in over a year. Plaintiff states that she did not even know her case had been filed.

       All pleadings and non-evidentiary documents must be signed by a represented party's attorney; however, a party appearing in propria persona (on one's own behalf) can sign documents herself. Local Rule 131(b). This means that a represented party may only submit

1

pleadings, motions, or other documents through her attorney. To file documents on her own behalf a represented party must first dismiss her attorney by filing a Substitution of Attorney—Civil that indicates she is self-represented. Once the substitution of attorney is filed and the party is self-represented she can begin submitting documents on her own behalf.

Accordingly, it is hereby ordered that plaintiff's request for a continuance is denied because as a represented party plaintiff cannot file motions on her own behalf. **Plaintiff's counsel is required to appear at the court's October 29, 2014, hearing on defendant's motion to compel.** Any failure to appear will result in the court imposing appropriate sanctions on counsel. The court will not impose sanctions upon plaintiff herself in light of the allegations that her counsel has failed to keep her informed regarding important matters in this case.

Should counsel for plaintiff fail to appear at the October 29 hearing, the court will order further proceedings regarding the status of counsel and will defer ruling on the motion to compel.

DATED: October 21, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE