UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELDEMETRIC R. THOMAS, | No. 2:13-cv-02250-TLN-AC |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| THE HOME DEPOT U.S.A., INC., ET AL., | <u>ORDER TO SHOW CAUSE</u> |
| Defendants. | |

On October 29, 2014, the court held a hearing on defendant Home Depot U.S.A., Inc.'s ("Home Depot") motion to compel (ECF No. 15). James T. Conley appeared for defendants. The motion is predicated on the complete failure of plaintiff's counsel to respond to discovery requests. Plaintiff's counsel also failed to file any response to the motion. Plaintiff Veldemetric Thomas personally wrote to the court requesting a continuance of hearing on the instant motion, on grounds that her attorney had not communicated with her or taken any action in her case for several months. ECF No. 20. The court denied this request but ordered counsel, David Springfield, to appear at the hearing on the motion or be sanctioned. ECF No. 22. Mr. Springfield failed to appear.

For reasons that will become clear, it appears to the undersigned that Mr. Springfield has abandoned his client and that the failure to participate in discovery was part of that abandonment.

1

Ms. Thomas lacks authority to act on her own behalf, regarding discovery or anything else, absent substitution of plaintiff pro se for counsel. Accordingly, the court will summarily deny the motion (without prejudice to renewal at an appropriate time) insofar as it seeks an order compelling discovery, and here addresses only the issues of sanctions and the status of counsel.

A.  Background

Mr. Springfield filed the complaint in this employment discrimination case on October 28, 2013. He thereafter failed to cooperate in the preparation of a joint scheduling conference statement, and was ordered by U.S. District Judge Nunley to file a response to defendant's scheduling conference statement. ECF No. 12. He failed to do so, and was sanctioned in the amount of $250.00. ECF No. 13. That sanction has not been paid, and the time for doing so has passed.

According to defendant's motion to compel discovery and supporting declaration of counsel, Home Depot served its Special Interrogatories on plaintiff's counsel on July 18, 2014 at the following address: David Springfield, Esq., The Springfield Law Firm, PO Box 660, 12896 Rices Crossing Road, Ste. 660, Oregon House, CA 95962.[1] ECF Nos. 16, 17. A week later, on July 25, 2014, Home Depot served its Requests for Production of Documents on plaintiff's counsel at the same address. Id. Because counsel failed to timely respond to the special interrogatories, Home Depot sent a meet and confer letter on August 27, 2014, requesting an immediate response. Id.

Later that same day, Home Depot received the envelope containing Home Depot's Special Interrogatories, returned from the Post Office with the notation "Springfield Law Offices Box Closed, Unable to Forward." Id. A few days later, Home Depot's Requests for Production of Documents were also returned by the Post Office. Id. On August 28, 2014, Home Depot re-served the August 27, 2014, meet and confer letter to plaintiff's counsel's email address ds.davidspringfield.com. Id. Home Depot also re-served the Special Interrogatories, Requests for Production of Documents and the August 27, 2014 meet and confer letter on August 29, 2014, to

---

[1] This P.O. Box is the address provided to the court and listed on the docket. Counsel has never submitted a change of address pursuant to Local Rule 182(f).

plaintiff's counsel's other email address, david.springfield@gmail.com.  Id.  That same day, Home depot re-served the Special Interrogatories to plaintiff's counsel's street address only: 12896 Rices Crossing Road, Oregon House, CA 95962.  Id.  No response was ever received.  As previously noted, Mr. Springfield failed to respond in any way to the subsequent motion to compel.

Plaintiff Veldemetric Thomas wrote to the court on October 8, 2014, explaining that "Mr. Springfield has walked away from this case."  ECF No. 20.  Ms. Thomas reported that Mr. Springfield had ceased communicating with her months ago, and failed to respond to her telephone calls and emails.  She stated that Mr. Springfield had not updated her regarding the case in over a year, and that his last communication was a one-sentence email on August 18, 2014.  She stated further that Mr. Springfield's former paralegal had not seen him in six months; that his law office in Oregon House, California, was up for sale; that his telephone was disconnected; that his website had been changed; and that he had provided her no updated contact information.  She had requested a copy of her case file from Mr. Springfield, and he failed to respond to the request.

Ms. Thomas attended the hearing on the motion to compel.  She reported that she had been unable to retain another lawyer.  The undersigned explained that in order to appear on her own behalf, Ms. Thomas needed to file a request to substitute herself in place of counsel.  Ms. Thomas read a brief email that she had received from Mr. Springfield on October 21, 2014, in which he stated that he had been ill, was unable to work, and was unreachable by phone.  The email told Ms. Thomas to find a new lawyer.  It did not address the imminent hearing, the status of the case, any efforts by Mr. Springfield to protect Ms. Thomas's rights, or Ms. Thomas's previous requests for a copy of her file.

B.     <u>Sanctions for Failure to Appear</u>

This court's previous order, ECF No. 22, warned Mr. Springfield that his failure to appear at the hearing on the motion to compel would result in the imposition of sanctions.  His failure to appear was in direct contravention of that order.  Accordingly, Mr. Springfield will be sanctioned in the amount of $500.00, payable to the Clerk of Court.

////

    C.    <u>Sanctions Under Fed. R. Civ. P. 37</u>

Home Depot has established that Mr. Springfield failed to respond to its repeated attempts at discovery. <u>See</u> ECF No. 17 (Declaration of Serafin Tagarao). The failure to participate in discovery was complete.

If a party fails to respond to discovery, sanctions may be imposed even in the absence of a prior court order. Fed. R. Civ. P. Rule 37(d); <u>see also</u> <u>I.R. v. City of Fresno</u>, No. 1:12-CV-558 AWI GSA, 2013 WL 2404775, at *4 (E.D. Cal. May 31, 2013). When a party is sanctioned for failing to participate in discovery, the court must order that party to pay the "reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. Rule 37(d)(3).

Defendants have provided declarations of counsel establishing the costs to Home Depot of bringing the motion to compel. Counsel Serafin Tagarao declares that attorney fees incurred in relation to his preparation of the motion and reply total $1,687.50. ECF No. 26. Counsel James Conley declares that attorney fees incurred in relation to his preparation for and appearance at the hearing total $3,024.00.[2] The court finds these fees are reasonable. Accordingly, Mr. Springfield will be ordered to pay a total of $4,711.00 to defendants' counsel as a sanction for his failure to participate in discovery, including failure to appear to the hearing on the motion to compel.

    D.    <u>Order to Show Cause</u>

The undersigned raises the following issues sua sponte. It appears to the court that Mr. Springfield has failed to perform legal services competently and has abandoned his client in violation of his ethical duties and his duty to this court. <u>See</u> Cal. Rules of Prof'l Conduct, Rules 3-110 (duty of competent representation), 3-500 (duty to communicate), 3-700(A)(2)&(D) (duties regarding withdrawal of employment); Local Rule 180(e). Accordingly, Mr. Springfield will be ordered to show cause within seven days while further sanctions should not be imposed. A showing of cause sufficient to avoid further monetary sanctions must include a showing that counsel has communicated with Ms. Thomas and ensured the preparation and filing of a substitution of attorney pursuant to Local Rule 182(g), and that counsel has returned to Ms.

---

[2] Defense counsel are located in Costa Mesa, California.

4

Thomas all client papers and property and all unearned fees pursuant to Rule 3-700(D), Cal. Rules of Prof'l Conduct.[3]

E. <u>Further Proceedings</u>

As the result of Mr. Springfield's failure to participate in scheduling, no deadlines have been set in this case. At hearing on the motion to compel, Ms. Thomas indicated that she has been unable to secure substitute counsel due to the status of her case. The undersigned explained that a motion to substitute plaintiff in pro se for Mr. Springfield is necessary for Ms. Thomas to represent herself. Ms. Thomas need not wait to see whether Mr. Springfield complies with the order to assist in the preparation of such a motion. Ms. Thomas may submit her request to proceed in pro se, and attach the October 21, 2014 email in lieu of Mr. Springfield's signature. Once such a request is granted, the case will be referred to the undersigned pursuant to Local Rule 302(c)(21). The status of discovery and scheduling will be addressed at that time.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Home Depot's motion to compel, ECF No. 15, is GRANTED IN PART AND DENIED IN PART as follows:
2. The motion is DENIED without prejudice insofar as it seeks an order compelling discovery;
3. The motion is GRANTED as to sanctions;
4. Counsel for plaintiff shall, within seven days:
    a. Pay to the Clerk of Court sanctions in the amount of $500.00;
    b. Pay to defendants' counsel sanctions in the total amount of $4,711.00;
    c. File an affidavit under penalty of perjury stating that both payments have been made and will not be billed to plaintiff Veldemetric Thomas;
5. Counsel for plaintiff is hereby ORDERED TO SHOW CAUSE within seven days why further sanctions should not be imposed for failure to provide a change of address pursuant to Local Rule 182(f) and for violation of his ethical duties to Ms. Thomas;

---

[3] Satisfaction of these requirements does not ensure that further sanctions will not be imposed. Absent documented compliance with these duties, however, further sanctions will be imposed.

5

6. Counsel for plaintiff shall, within seven days, file a Substitution of Attorney pursuant to Local Rule 182(g) and a declaration stating under penalty of perjury that he has complied with the provisions of Rule 3-700(D) of the Cal. Rules of Prof'l Conduct regarding the return of client papers and property and the refund of any fee paid in advance that has not been earned.  Compliance with this order will be considered in determining whether to impose further sanctions pursuant to the Order to Show Cause;

7. Counsel for plaintiff is advised that failure to comply fully with this order will result in the certification of facts regarding contempt to the district judge pursuant to 28 U.S.C. § 636(e), and issuance of an order to show cause before the district judge why Mr. Springfield should not be held in contempt.

DATED: October 31, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE