UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELDEMETRIC R. THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, U.S.A., INC., et al.,<br><br>Defendant. | No. 2:13-cv-02250-TLN-AC<br><br><br><br>ORDER TO SHOW CAUSE RE CONTEMPT |

This case is before the undersigned pursuant to Local Rule 302(c)(1), plaintiff having been left in propria persona following her discharge of (or abandonment by) counsel David Springfield. See ECF Nos. 29, 32. On November 3, 2014, the undersigned sanctioned Mr. Springfield for multiple failures to follow the applicable rules and the orders of the court, and ordered him to show cause why further sanctions should not be imposed. ECF No. 27. Mr. Springfield's response, ECF No. 30, is now before the court. For the reasons which follow, civil contempt proceedings are warranted. Accordingly, the undersigned hereby certifies facts regarding contempt to U.S. District Judge Troy L. Nunley, and orders Mr. Springfield to show cause before Judge Nunley why he should not be held in contempt.

CERTIFCATION PROCEDURE AND CONTEMPT STANDARDS

Magistrate judges must refer contempt proceedings to district judges. See 28 U.S.C. § 636(e); Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir. 1996). A magistrate judge may

1

investigate whether further contempt proceedings are warranted and certify such facts to a district judge. 28 U.S.C. § 636(e); see also Alcalde v. NAC Real Estate Invs. & Assignments, Inc., 580 F. Supp. 2d 969, 971 (C.D. Cal. Aug. 4, 2008). A magistrate judge may not, however, conduct a contempt hearing in a civil case absent consent jurisdiction.[1]

The Federal Magistrates Act establishes a certification procedure whereby:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii); see also Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 71–72 (E.D.N.Y. 2008).

Under this process, the magistrate judge functions to certify the facts and not to issue an order of contempt. Bingman, 100 F.3d at 656–57. By certifying facts under Section 636(e), the magistrate judge is simply attesting that further contempt proceedings are warranted. See 28 U.S.C. § 636(e); Gomez v. Scoma's Inc., No. C-94-4452-VRW JSB, 1996 WL 723082, at *3 (N.D. Cal. Dec. 2, 1996). The certification of facts is typically included in an order to show cause why a contempt citation should not issue, which also provides notice of a date for the hearing. 28 U.S.C. § 636(e); Alcalde, 580 F. Supp. 2d at 971 (citing Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial at ¶ 11:2316). The district court, upon certification of the

---

[1] Under the Federal Magistrates Act, 28 U.S.C. § 636(e), magistrate judges' contempt authority is limited to specific matters within magistrate judges' regular statutory jurisdiction. Magistrate judges may exercise summary criminal contempt authority, for misbehavior "in the magistrate judge's presence so as to obstruct the administration of justice," 28 U.S.C. § 636(e)(2), as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. 28 U.S.C. §§ 636(e)(3), (4); see also Irwin v. Mascott, 370 F.3d 924, 932 (9th Cir. 2004) (affirming a magistrate judge's civil contempt order in a civil consent case). In all other instances where a person has committed an act constituting contempt in a proceeding before the magistrate judge, the magistrate judge must follow the certification procedure discussed above.

1  facts supporting a finding of contempt, is then required to conduct a de novo hearing at which
2  issues of fact and credibility determinations are to be made.  See Taberer v. Armstrong World
3  Indus., Inc., 954 F.2d 888, 907–08 (3d Cir. 1992) (holding that it was error for the district court
4  not to conduct a de novo hearing after the magistrate judge issued a certification of contempt).
5      Where the relief sought in contempt proceedings involves compulsory and compensatory
6  sanctions, including conditional confinement employed to compel compliance, then the
7  proceeding is for civil contempt.  See Shillitani v. United States, 384 U.S. 364, 369–70 (1966);
8  United States v. Asay, 614 F.2d 655, 659 (9th Cir. 1980).  To find civil contempt, "the court need
9  only (1) have entered a clear and unambiguous order, (2) find it established by clear and
10  convincing evidence that the order was not complied with, and (3) find that the alleged contemnor
11  has not clearly established his inability to comply with the terms of the order."  Huber v. Marine
12  Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995).  A civil contempt finding does not require a willful
13  violation of the order in order for the court to find civil contempt.  Asay, 614 F.2d 661; see also
14  United States v. Laurins, 857 F.2d 529, 534 (9th Cir. 1988).

CERTIFIED FACTS

16      The undersigned certifies the following facts pursuant to 28 U.S.C. § 636(e)(6)(B)(iii):

17  • David Springfield, Esq. ("Springfield") was retained by plaintiff Veldemetric Thomas to
18     pursue this employment discrimination case.

19  • Springfield filed the complaint on October 28, 2013.  He initially met and conferred with
20     opposing counsel pursuant to Fed. R. Civ. P. 26(a), but subsequently failed to respond to a
21     settlement offer.  See ECF No. 11 (Defendant's Scheduling Conference Report) at 1, 6.

22  • Springfield thereafter failed to participate in the preparation of a joint scheduling
23     conference statement.  Id. at 1-2.  On September 8, 2014, the district judge ordered
24     Springfield to file a response to defendant's scheduling conference statement.  ECF No.
25     12.  Springfield failed to do so.

26  • On September 17, 2014, Springfield was sanctioned in the amount of $250.00 for failing
27     to respond the defendant's scheduling report.  ECF No. 13.  That sanction has never been
28     paid.

3

1
2
3
4
5
6
7

- On July 18, 2014, Home Depot served interrogatories on Springfield at the following address: David Springfield, Esq., The Springfield Law Firm, PO Box 660, 12896 Rices Crossing Road, Ste. 660, Oregon House, CA 95962.  A week later, on July 25, 2014, Home Depot served requests for production of documents on Springfield at the same address.  Springfield failed to timely respond to the special interrogatories, so Home Depot sent a meet and confer letter on August 27, 2014, requesting an immediate response.   ECF No. 17 (Declaration of Serafin Tagarao) (hereafter, "Tagarao Decl.") at 2.

8
9
10
11
12
13

- Later that same day, Home Depot received the envelope containing Home Depot's interrogatories, returned from the Post Office with the notation "Springfield Law Offices Box Closed, Unable to Forward."  A few days later, Home Depot's requests for production of documents were also returned by the Post Office. Id. at 3; ECF No. 17-1 at 32-33 (envelopes returned from Post Office with notice that Springfield Law Offices P.O. Box was closed).

14
15
16

- The address Springfield had provided to this court, reflected on the docket, is Springfield Law Firm, PO Box 660, Oregon House, CA 95962.  Springfield did not correct or update his address pursuant to Local Rule 182(f) after the Post Office Box was closed.

17
18
19
20
21
22
23

- On August 28, 2014, Home Depot sent an electronic version of the August 27, 2014 meet and confer letter to ds.davidspringfield.com. Id.  On August 29, 2014, Home Depot re-served the discovery requests to Springfield's other email address, david.springfield@gmail.com. Id.  Home Depot also re-served the interrogatories to Springfield's street address: 12896 Rices Crossing Road, Oregon House, CA 95962. Id. No response to any of defendant's discovery requests was ever received. ECF No. 17 (Tagarao Decl.) at 3-4.

24
25
26

- Defendant filed a motion to compel discovery on September 26, 2014.  The motion was noticed for hearing on October 29, 2014.  ECF No. 15.  Springfield failed to file any response.

27
28

- On October 8, 2014, the court received a letter from plaintiff Veldemetric Thomas seeking a continuance of the hearing on the motion.  Ms. Thomas reported that "Mr. Springfield

4

has walked away from this case." ECF No. 20.  Ms. Thomas reported that Mr. Springfield had ceased communicating with her months ago, and failed to respond to her telephone calls and emails.  She stated that Mr. Springfield had not updated her regarding the case in over a year, and that his last communication was a one-sentence email on August 18, 2014.  She stated further that Mr. Springfield's former paralegal had not seen him in six months; that his law office in Oregon House, California, was up for sale; that his telephone was disconnected; that his website had been changed; and that he had provided her no updated contact information.  She had requested a copy of her case file from Mr. Springfield, and he failed to respond to the request.  ECF No. 20.

- On October 10, 2014, the court received another letter from Ms. Thomas recounting Springfield's failure to communicate with her.  In this letter Ms. Thomas requested leave to amend her complaint, which contained numerous errors.  ECF No. 21.
- On October 22, 2014, the court specifically ordered Springfield to appear at the October 29 hearing on the motion to compel.  He was warned that failure to appear would result in the imposition of sanctions.  ECF No. 22.
- Springfield failed to appear at the hearing on the motion to compel.  He did not contact the court in advance of the hearing to request a telephonic appearance or explain that he was unable to appear.
- Ms. Thomas attended the hearing.  She reported that she had been unable to retain another lawyer.  She read into the record a brief email that she had received from Springfield on October 21, 2014, in which he stated that he had been ill, was unable to work, and was unreachable by phone.  The email told Ms. Thomas to find a new lawyer.  It did not address the imminent hearing, the status of the case, any efforts by Springfield to protect Ms. Thomas's rights, or Ms. Thomas's previous requests for a copy of her file.
- On November 3, 2014, the court sanctioned Springfield in the amount of $500.00 for his failure to appear at the October 29 hearing.  Springfield was also sanctioned under Fed. R. Civ. P. 37(d) for his failure to participate in discovery.  Springfield was ordered to pay defense counsel $4,711.00, the amount incurred in attorney's fees related to the motion to

5

1        compel.  Both sanctions were to be paid within seven days.  ECF No. 27.
2    •   By the same order, Springfield was ordered to show cause why he should not be
3        sanctioned further for his failure to provide a change of address as required by Local Rule
4        182(f), and for his apparent violations of the duty of competent representation, the duty to
5        communicate with his client, and the duties incumbent upon counsel in relation to
6        withdrawal from employment pursuant to the California Rules of Professional Conduct.
7        Springfield was further ordered to file, within seven days, a Substitution of Attorney
8        pursuant to Local Rule 182(g) and a declaration stating under penalty of perjury that he
9        had complied with the provisions of Rule 3-700(D) of the Cal. Rules of Prof'l Conduct
10       regarding the return of client papers and property and the refund of any fee paid in
11       advance that has not been earned.  Springfield was advised that "failure to comply fully
12       with this order will result in the certification of facts regarding contempt to the district
13       judge pursuant to 28 U.S.C. § 636(e), and issuance of an order to show cause before the
14       district judge why [he] should not be held in contempt."  ECF No. 27.
15   •   Springfield has not paid the sanctions ordered on November 3, 2014.
16   •   Springfield did not file a Substitution of Attorney on behalf of Ms. Thomas.
17   •    Springfield did not file a declaration stating that he had complied with the ethical rules
18       regarding return of client papers and property and the refund of unearned fees.
19   •   On November 17, 2014, the court received a letter from Ms. Thomas reporting that
20       Springfield had not returned her case file to her despite repeated requests.  ECF No. 31.
21   •   Ms. Thomas filed a request that she be substituted in propria persona for Springfield.  ECF
22       No. 29.  The district judge authorized the substitution on November 20, 1014.  ECF No.
23       32.
24   •   Springfield filed a response to the order to show cause on November 12, 2014, two days
25       late.  ECF No. 30.
26   •   In his response, Springfield represents under penalty of perjury that since last year he has
27       "been seriously ill with a devastating case of some virus or chronic fatigue and as a result
28       have gone and am going through a horrificly [sic] intense difficult time, physically,

6

mentally and emotionally, and have been nearly completely burned out, and incapacitated and unable to get any legal work done." ECF No. 30 at 1. Springfield provides no further details or documentation of his medical condition.

- Springfield states that he has been communicating with an attorney who is considering taking plaintiff's case, but has not yet committed to doing so. Id. at 2. Ms. Thomas reports that she has not retained the lawyer named by Springfield. ECF No. 31.

- Springfield's response to the order to show case contains no reference to plaintiff's files or any unearned fees. The response contains no reference to the Rules of Professional Conduct that were cited in the order to show cause.

- Ms. Thomas reports, and the State Bar of California's website confirms, that the State Bar recently filed disciplinary charges against Mr. Springfield for misappropriation of client funds. ECF No. 31 at 2; see also In the Matter of David Springfield, State Bar No. 226630, Case No. 13-O-17121 (State Bar Ct. Oct. 9, 2014), available at http://members.calbar.ca.gov/courtDocs/13-O-17121.pdf.

- Springfield's response to the order to show case fails to explain how his illness prevented him from: (1) updating his address with the court; (2) withdrawing from the representation of Ms. Thomas when it became clear he could not competently represent her (prior to his failure to participate in discovery), in conformity with the applicable Rules of Professional Conduct; (3) contacting the court in advance about his inability to appear at the October 29 hearing; (4) filing the simple Substitution of Attorney ordered by the undersigned; (5) returning Ms. Thomas's papers and property: or (6) providing an accounting of his employment by Ms. Thomas and any monies owed for services that were not performed.

- Springfield has paid none of the monetary sanctions ordered by the court. He represents under penalty of perjury that he lacks the financial means to do so. ECF No. 30 at 2 ("At this time I regret but have to inform the Court that I am financially devastated and completely without means to pay the sanctions ordered.")

- Mr. Springfield expresses his deep regret for "causing this serious issue." Id.

////

7

FURTHER CONTEMPT PRODCEEDINGS ARE WARRANTED

When serious illness (or any other circumstance) prevents an attorney from competently representing a client, counsel has an ethical duty to withdraw in conformity with the Rules of Professional Conduct.  It does not appear that Mr. Springfield did so when he became unable to represent Ms. Thomas.  To the contrary, it appears that Springfield abandoned his client.  Referral to the California State Bar is therefore appropriate.  This court's contempt authority, of course, is limited to violation of court orders.  The undersigned finds that further civil contempt proceedings are warranted because Mr. Springfield has failed to take all reasonable steps within his power to comply with the court's specific and definite orders.  See Balla v. Idaho State Bd. Of Corrections, 869 F.2d 461, 465 (9th Cir. 1989).

Springfield has been monetarily sanctioned three times in this case: for failure to participate in scheduling as ordered, for failing to participate in discovery, and for failing to appear at a hearing as ordered.  Then having been ordered to pay sanctions, he twice failed to do so within the time provided.  Although Springfield now pleads indigence, he has failed to take reasonable steps toward compliance such as proposing a payment plan or making a token contribution toward the amounts owed.

Springfield also failed to comply with the specific and definite order that he provide a declaration regarding the status of his return of client files and property and refund of any unearned fees.  He has made no showing of reasonable steps that have been taken in that regard.

Springfield also failed to comply with the specific and definite order that he prepare and file a Substitution of Attorney for Ms. Thomas.

Springfield also failed to comply with the specific and definite order that he show cause why he did not submit a change of address to the court.

Springfield's conduct in this case reflects a pattern of disregard for the court's orders, as well as apparent disregard for his ethical duties to Ms. Thomas.  His recent apology, ECF No. 30 at 2, is unaccompanied by a showing that he is actually taking any steps to meet his obligations. Although Springfield states that he is in touch with an attorney who is considering taking the case, id., Ms. Thomas reports that she did not retain this attorney.  Moreover, Ms. Thomas has

been requesting the return of her case files and property for many months, and Springfield fails to explain why he has not complied with this request. Now that Springfield has been relieved and Ms. Thomas is representing herself, there can be no possible excuse for failing to transmit all case materials.

Accordingly, it appears that Springfield has violated the court's orders at ECF Nos. 19 and 27. The sanctions orders and order to show cause were clear and unambiguous, and clear and convincing evidence establishes that Springfield has failed to take all reasonable steps to comply with them. For these reasons, further civil contempt proceedings are warranted to ensure Springfield's compliance with the court's orders.

Accordingly, IT IS HEREBY ORDERED that:

1. David Springfield, Esq. is hereby ordered to appear and SHOW CAUSE why he should not be found in contempt based upon the facts this court has certified;

2. A contempt hearing is set before Judge Nunley on January 15, 2015 at 2:00 p.m. in Courtroom No. 2;

3. The Clerk of the Court shall serve a copy of this order on Mr. Springfield at the following address:

   The Springfield Law Firm, Post Office Box 4260, Malibu, CA 90264.

DATED: November 21, 2014

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9