UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELDEMETRIC R. THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT U.S.A., INC.,<br><br>Defendant. | No. 2:13-cv-02250-TLN-AC<br><br><br><br>ORDER SETTING STATUS CONFERENCE |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). On January 15, 2015, plaintiff became pro se after the court held her lawyer in contempt for abandoning his client in violation of the Local Rules and his ethical duties under the California Rules of Professional Conduct. ECF Nos. 33 & 37. In the court's January 15, 2015 order, it directed the parties to contact the undersigned in order to schedule a status conference. Id. The parties have not done so. Plaintiff has, however, filed a "motion to request an equitable toll." ECF No. 40. The motion fails to comply with Local Rule 230(b), and is directed to the District Judge although the case has been referred to the undersigned pursuant to Local Rule 302(c)(21).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion, ECF No. 40, is VACATED without prejudice to renewal following issuance of a Discovery and Scheduling Order in this case;

2. A Status (Pretrial Scheduling) Conference is SET for February 18, 2015, at 10:00 a.m.

1

1     in Courtroom No. 26 before the undersigned.  All parties shall appear by counsel or in

2     person if acting without counsel.

3   3.  The parties shall submit to the court and serve by mail on all other parties, no later

4     than fourteen (14) days before the Status (Pretrial Scheduling) Conference, an updated

5     status report addressing the following matters:

6       a. Service of process;

7       b. Possible joinder of additional parties;

8       c. Any expected or desired amendment of the pleadings;

9       d. Jurisdiction and venue;

10       e. Anticipated motions and the scheduling thereof;

11       f. The report required by Federal Rule of Civil Procedure 26 outlining the

12       proposed discovery plan and its scheduling, including disclosure of expert

13       witnesses;

14       g. Future proceedings, including setting appropriate cut-off dates for discovery

15       and law and motion, and the scheduling of a pretrial conference and trial;

16       h. Special procedures, if any;

17       i. Estimated trial time;

18       j. Modification of standard pretrial procedures specified by the rules due to the

19       simplicity or complexity of the proceedings;

20       k. Whether the case is related to any other cases, including  bankruptcy;

21       l. Whether a settlement conference should be scheduled;

22       m. Any other matters that may add to the just and expeditious disposition of this

23       matter.

24   3.  Counsel and all unrepresented parties are reminded of their continuing duty to

25 notify chambers immediately of any settlement or other disposition.  <u>See</u> Local Rule 160.

26 In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to the

27 granting of a motion must be filed fourteen days preceding the noticed hearing date.  The

28 Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion

at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

DATED: January 21, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3