UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELDEMETRIC R. THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendant. | No. 2:13-cv-02250-TLN-AC<br><br><br><br>ORDER |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). Plaintiff filed her original complaint with the assistance of counsel on October 28, 2013. ECF No. 1. Defendant filed its answer on November 20, 2013. ECF No. 7. Subsequently, plaintiff's counsel effectively abandoned plaintiff, resulting in her self-representation. ECF Nos. 29, 32. On January 15, 2015, plaintiff filed an amended complaint without requesting leave of the court. ECF No. 39. On January 23, 2015, plaintiff filed a second amended complaint, again without seeking leave of the court. ECF No. 42.

On February 2, 2015, plaintiff filed a motion styled as a motion to amend her complaint. ECF No. 44. Plaintiff's filing includes a motion arguing that her claims are subject to equitable tolling, numerous documents in support of that argument, and finally a pleading entitled "Third Amended Complaint." Id.

Federal Rule of Civil Procedure 15(a) instructs district courts that "leave [to amend] shall

be freely given when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." Schultz v. Wal–Mart Stores, Inc., 68 Fed. Appx. 130, 132 (9th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotation marks omitted). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Id. (citation and internal quotation marks omitted). "The strong policy permitting amendment is to be applied with 'extreme liberality.'" Id. (quoting Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted in original). In accordance with this liberal policy, the court will grant plaintiff's motion. Plaintiff's operative complaint is now her third amended complaint. ECF No. 44-1 at 1–12.

The court will not, however, grant plaintiff's motion for equitable tolling. Equitable tolling is a theory that may be asserted defensively when the opposing party seeks dismissal for untimeliness. Although defendant has indicated that it plans to file a motion to dismiss on statute of limitations grounds, ECF No. 45 at 3, it has not yet done so. When such a motion is filed, plaintiff may present her equitable tolling argument in opposition. Until then, the issue is not properly before the court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint (ECF No. 44) is granted;
2. The hearing on this motion, currently set for March 11, 2015, is vacated; and
3. Plaintiff's motion for equitable tolling (ECF No. 44) is denied.

DATED: February 5, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE