1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VELDEMETRIC R. THOMAS,                    No.  2:13-cv-02250-TLN-AC

12              Plaintiff,

13        v.                                   ORDER AND FINDINGS &
                                               RECOMMENDATIONS
14   HOME DEPOT, U.S.A., INC.,

15              Defendant.

16

17        On March 18, 2015, the court held a hearing on defendant's motion to dismiss.  ECF No.

18   49.  Plaintiff Veldemetric R. Thomas appeared in pro per; and James Conley appeared for

19   Defendant Home Depot, U.S.A., Inc.  On review of the motions, the documents filed in support

20   and opposition, hearing the arguments of plaintiff and counsel, and good cause appearing

21   therefor, THE COURT FINDS AS FOLLOWS:

22                              PROCEDURAL HISTORY

23        Plaintiff filed her original claim on October 28, 2013.  ECF No. 1.  On November 20,

24   2014, the court granted plaintiff's motion to proceed pro se in light of the failure of plaintiff's

25   former counsel to respond to the court's orders.  ECF No. 36.  On November 24, 2014, the

26   undersigned issued an order to show cause, certifying facts why plaintiff's former attorney should

27   be held in contempt for abandoning his client.  ECF No. 33.  On January 15, 2015, District Judge

28   Troy L. Nunley ordered a bench warrant for the arrest of plaintiff's former attorney after he failed

1

1  to appear at his contempt hearing.  ECF No. 37.

2      On January 15, 2015, plaintiff filed a first amended complaint, ECF No. 39, followed by a

3  second amended complaint on January 23, 2015, ECF No. 42.  On February 2, 2015, plaintiff

4  filed a motion to amend her complaint that attached a third amended complaint ("TAC").  ECF

5  No. 44.  On February 6, 2015, the court granted plaintiff's motion.  ECF No. 46.  On February 13,

6  2015, defendant filed a motion to dismiss plaintiff's TAC, arguing that (1) plaintiff's §§ 1981 and

7  1983 claims are barred by the statute of limitations; (2) plaintiff's Title VII claims are barred

8  because she has failed to exhaust her administrative remedies; and (3) plaintiff cannot state a §

9  1983 claim against defendant because it is a private entity.  ECF No. 49-2 at 11–15.  Defendant

10  also argues that the California Workers' Compensation Act ("WCA") bars plaintiff from pursuing

11  her claims in this court.  Id. at 17.  Defendant also moves that the court strike plaintiff's TAC in

12  its entirety under Rule 12(f).  Id. at 16–17.  In the alternative, defendant moves for a more definite

13  statement.  Id. at 17.

14      On February 23, 2015, plaintiff filed an opposition to defendant's motion to dismiss.  ECF

15  No. 52.  On March 3, 2015, plaintiff filed a fourth amended complaint, ECF No. 53, followed by

16  a fifth amended complaint on March 4, 2015, ECF No. 54.[1]  On March 11, 2015, defendant filed

17  a reply.  ECF No. 55.

18                          UNDERLYING FACTS

19      On March 19, 2005, plaintiff was hired as Head Cashier at Home Depot in Yuba City,

20  California.  ECF No. 44-1 at 5.  At some undisclosed time, plaintiff went on pregnancy leave,

21  returned on July 26, 2010, and was given her first shift beginning on August 4, 2010.  Id.  At that

22  time, plaintiff asked the human resource department for accommodations in the form of a private

23  place to pump for her new born and additional break time to do so.  Id.  Plaintiff also requested

24  shifts beginning at 5:00 a.m. to allow her to care for her elderly parents, who cared for her

25  children while she was at work.  Id.  Plaintiff did not receive these accommodations and on

26  ─────────────

27  [1] Plaintiff filed these amended complaints without having obtained leave to amend pursuant to
   Fed. R. Civ. P. 15.  For the reasons explained at the hearing, the putative fourth and five amended
   complaints are stricken.  Plaintiff is advised that any future amended pleadings, other than those
28  ordered or authorized by the court, will be stricken without further notice.

1    August 12, 2010, she filed a complaint with management.  Id.

2          On the following day, Home Depot supervisors retaliated against plaintiff's request for

3    accommodations by accusing plaintiff of gossiping, reassigning her to a an isolated position,

4    changing her schedule, and overworking her.  Id.  These changes caused her substantial stress that

5    resulted in physical symptoms, including "extremely low lactation, panic, insomnia, heart

6    palpitations, stomach problems[,] and more."  Id.  On October 30, 2011, supervisors falsely

7    accused plaintiff of violating company policy by sharing a register with another cashier.  Id.

8    Plaintiff subsequently took a leave of absence under the Family Medical Leave Act ("FMLA")

9    from November 3, 2010, to January 4, 2011.  Id.  On January 22, 2011, supervisors again

10   retaliated against plaintiff by subjecting her to reassignment and isolation.[2]  Id.  On January 30,

11   2011, plaintiff complained about not receiving the accommodations she requested and being

12   harassed.  Id.[3]

13         On March 22, 2011, supervisors filed another disciplinary notice against plaintiff for "not

14   opening [the] garden registers."  Id. at 6.  Plaintiff refused to sign this disciplinary notice because

15   she believed it was "fraudulent."[4]  Id.  An unnamed manager also humiliated plaintiff by

16   disclosing the write up to other employees.  Id.  On March 24, 2011, plaintiff complained to

17   human resources about the supervisor's refusal to grant her requested accommodations.  Id.  The

18   next day, the store manager and the assistant manager locked plaintiff in a room and aggressively

19   questioned her, seeking to determine what she had told human resources.[5]  Id.  Plaintiff notified

20   human resources of this mistreatment and was told that an investigation would be under way.  Id.

21         Home Depot supervisors continued to retaliate against plaintiff from April 5, 2011, to July

22   2, 2011, burdening her with more work than other employees and telling her not to ask for help

23   from anyone.  Id.  When plaintiff again complained to management about being harassed and

24   _____

25   [2]  Plaintiff's TAC actually states "January 22, 2014," which the court construes as a typo.  Id.
     [3]  Plaintiff also seems to allege that other employees complained about their treatment by Home
26   Depot supervisors in a letter, however, that is unclear based on plaintiff's TAC.  Id. at 5–6.
     [4]  Plaintiff does not explain whether she violated company policy or not when she alleges that the
27   disciplinary notice was "fraudulent."  Id.
     [5]  Plaintiff alleges that the manager and assistant manager did so in the face of a "known
28   disability."  Id.  Plaintiff does not specify what disability she is referring to.  Id.

1   denied her requested accommodations, they stalled.[6]  Id.  On August 19, 2011, supervisors again

2   falsely accused plaintiff of gossiping.  Id. at 7.  On September 16, 2011, plaintiff alleges that

3   managers at Home Depot stole her keys and refused to return them.  Id.  On September 26, 2011,

4   plaintiff was yet again accused by supervisors of gossiping.  Id.  Plaintiff allegedly called her

5   supervisor a "snake" in a conversation over the phone in her own home.  Id.  This disciplinary

6   notice caused plaintiff to seek several days of medical leave.  Id.  On September 30, 2011,

7   plaintiff turned a doctor's note into a manager at Home Depot indicating her readiness to return to

8   work.  Id.  That manager told plaintiff that a supervisor would call her over the weekend to give

9   her a new schedule.  Id.  On October 1, 2011, a "vault associate" called plaintiff and told her to

10  show up to work or risk a "no call no show."  Id.

11        On October 7, 2011, plaintiff received a final disciplinary notice for failure to follow

12  instructions and insubordination.  Id.  The notice claimed that plaintiff had violated company

13  policy by showing up to work on October 1, 2011, because she was supposed to remain on leave

14  until further notice.  Id.  On October 28, 2011, plaintiff asked another cashier if she could work in

15  the self check-out area because she was not feeling well.  Id. at 8.  Plaintiff alleges that this

16  subjected her to further abuse, but she does not explain how.  Id.  Plaintiff then received an

17  FMLA Designation Form from defendant claiming that she improperly failed to request a leave of

18  absence for her absence from September 26, 2011, to September 30, 2011.  Id.  Plaintiff,

19  however, contends that she did not need to submit a request for leave because she did not intend

20  to be absent for more than a few days.  Id.  Afterwards, when plaintiff tried to return to work, she

21  was told that her shifts were covered.  Id.

22        On October 19, 2011, plaintiff was asked to write a statement relating to a claim she made

23  that she could not touch money for medical reasons.  Id.  Defendant's request was apparently

24  related to a customer complaint that she had not been helpful, as well as a claim that plaintiff had

25  hung up on a manager mid-conversation.  Id.  On October 28, 2011, plaintiff was terminated,

26  ostensibly for her misconduct, causing her loss of wage and benefits.  Id.

27  ───────────────

28  [6]  Plaintiff also alleges that management "fraudulently paper[ed] her personnel files," but does not
     explain what that means.  Id.

4

LEGAL STANDARDS

I.      Failure to State a Claim

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court may consider facts established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept legal conclusions "cast in the form of factual allegations."  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

II.     Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could

1    have no possible bearing on the subject of the litigation . . . . If there is any doubt whether the

2    portion to be stricken might bear on an issue in the litigation, the court should deny the motion."

3    Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations

4    omitted).  "With a motion to strike, just as with a motion to dismiss, the court should view the

5    pleading in the light most favorable to the nonmoving party."  Id.  "Ultimately, whether to grant a

6    motion to strike lies within the sound discretion of the district court."  Cruz v. Bank of N.Y.

7    Mellon, No. 12–846, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing Whittlestone,

8    Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir. 2010)).

9    III.    Motion for a More Definite Statement

10           Prior to filing a responsive pleading, a party may move under Federal Rule of Civil

11   Procedure 12(e) for a more definite statement of a pleading if it "is so vague or ambiguous that

12   the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  The purpose of Rule

13   12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking

14   detail.  Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005).  Where the

15   complaint is specific enough to appraise the responding party of the substance of the claim being

16   asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more

17   definite statement should be denied.  See Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp.

18   940, 949 (E.D. Cal. 1981) ("Due to the liberal pleading standards in the federal courts embodied

19   in Federal Rule of Civil Procedure 8(e) and the availability of extensive discovery, the availability

20   of a motion for a more definite statement has been substantially restricted.").  Thus, motions

21   pursuant to Rule 12(e) are generally "viewed with disfavor and are rarely granted[.]"  Sagan v.

22   Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

23                                        DISCUSSION

24   I.      Motion to Dismiss

25           Defendant seeks dismissal of the complaint on the following grounds: (1) certain claims

26   are barred by the statute of limitations; (2) certain claims are not administratively exhausted; and

27   (3) plaintiff is not entitled to relief from a private employer on constitutional grounds.  Defendant

28   further argues that the TAC should be dismissed in its entirety for improper venue, or stricken in

6

1   its entirety as immaterial, impertinent and/or scandalous.  In the alternative, defendant contends

2   that a more definite statement should be ordered.

3       For the reasons explained below, the undersigned finds that the allegations of the TAC are

4   inadequate to state a timely and/or exhausted claim against defendant for violations of Title VII,

5   ADA, and FEHA, but that plaintiff should be provided the opportunity to amend these claims.

6   The undersigned finds further that plaintiff has not stated a claim under 42 U.S.C. §§ 1981 or

7   1983, and that those claims cannot be cured by amendment.  As to plaintiff's FMLA claim,

8   defendant has not met its burden of establishing grounds for dismissal.

9       A.    Title VII and the ADA

10      Plaintiff's Title VII claim should be dismissed because plaintiff does not allege facts

11  showing that her administrative claim and original complaint in this matter were timely filed.

12  Plaintiff's ADA claim should be dismissed on the same grounds.

13      "Discrimination claims under Title VII ordinarily must be filed with the EEOC within 180

14  days of the date on which the alleged discriminatory practice occurred."  Laquaglia v. Rio Hotel

15  & Casino, Inc., 186 F.3d 1172, 1174 (9th Cir. 1999) (citing 42 U.S.C. § 2000e–5(e)(1)).

16  "However, if the claimant first 'institutes proceedings' with a state agency that enforces its own

17  discrimination laws—a so-called 'deferral' state—then the period for filing claims with the

18  EEOC is extended to 300 days."  Id.  California is a deferral state.  Josephs v. Pac. Bell, 443 F.3d

19  1050, 1054 (9th Cir. 2006).  The filing of an administrative claim is a prerequisite to the

20  commencement of a civil action against that employer under federal law.  42 U.S.C. § 2000e–5.

21      "When the Equal Employment Opportunity Commission (EEOC) dismisses a claim, it is

22  required to notify claimant and to inform claimant that she has 90 days to bring a civil action."

23  Scholar v. Pacific Bell, 963 F.2d 264, 266 (9th Cir. 1992).  "The requirement for filing a Title VII

24  civil action within 90 days from the date the EEOC dismisses a claim constitutes a statute of

25  limitations."  Id. at 266–67.  "If [a] claimant fails to file within [the] 90-day period, the action is

26  barred."  Id. at 267.  "Procedural requirements such as a statute of limitations are to be strictly

27  adhered to."  Varnado v. ABM Industries, Inc., No. C–07–00804 CRB, 2007 WL 2915027, at *2

28  (N.D. Cal. Oct. 5, 2007) (citing Scholar, 963 F.2d at 268 (holding that a Title VII claim was

7

1  foreclosed because it was filed three days after expiration of the statute of limitations) and

2  Gonzalez v. Stanford Applied Eng'g, Inc., 597 F.2d 1298, 1299 (9th Cir. 1979) (per curiam)

3  (affirming dismissal of Title VII claim on ground that suit was not timely brought)).  The ADA

4  adopts the same statute of limitations and requirements of administrative exhaustion, as set out in

5  42 U.S.C. §§ 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9.  Stiefel v. Bechtel Corp., 624

6  F.3d 1240, 1243 (9th Cir. 2010).

7          Defendant terminated plaintiff on October 28, 2011.  ECF No. 44-1 at 8.  Accordingly,

8  October 28, 2011, is the most recent date on which plaintiff could claim defendant engaged in

9  discriminatory conduct.  Plaintiff alleges that she has filed claims with the EEOC and the

10  California Department of Fair Employment and Housing ("DFEH") in compliance with her

11  claims' statutes of limitations.  Id. at 3.  However, the TAC does not specify the dates on which

12  she submitted these claims.  The TAC also does not state whether plaintiff ever received right to

13  sue letters in response to her claims related to this matter, and if so when.  Plaintiff does attach, to

14  both her complaint and opposition, numerous right to sue letters and EEOC claims.  ECF No. 44

15  at 22–25, 34; ECF No. 52 at 27, 28.  However it is impossible for the court to determine, based on

16  the state of these exhibits and the allegations in plaintiff's complaint, which EEOC claims and

17  right to sue letters, if any, are relevant to plaintiff's claims in this matter.  Accordingly, plaintiff's

18  Title VII and ADA claims should be dismissed with leave to amend because plaintiff has not

19  alleged facts sufficient to establish (1) timely exhaustion of her administrative remedies, or (2)

20  compliance with the statute of limitations.[7]

21          B.      FEHA

22          Plaintiff's FEHA claim should be dismissed for failure to allege that plaintiff timely

23  _____

24  [7]  In plaintiff's opposition, she argues that her claims are timely because they are subject to
     equitable tolling.  The requirement that a plaintiff file an administrative claim within 180 days of
25  the accrual of her cause of action is subject to equitable tolling, Forester v. Chertoff, 500 F.3d
     920, 925 (9th Cir. 2007), as is the requirement that a plaintiff file a civil claim within 90 days of
26  receiving a right to sue letter, Scholar v. Pac. Bell, 963 F.2d 264, 267 (9th Cir. 1992).  However,
     the doctrine of equitable tolling will only become available to plaintiff once the court has
27  determined that either plaintiff's administrative or civil claims were untimely.  The court cannot
     make that determination one way or the other until plaintiff alleges (1) when she filed the
28  underlying EEOC claim, and (2) if and when she received a right to sue letter.

1   exhausted her administrative remedies.  Before a plaintiff can pursue a FEHA claim, the plaintiff

2   must exhaust all administrative remedies and receive a right to sue notice from the DFEH.

3   Romano v. Rockwell Int'l, Inc., 14 Cal. 4th 479, 492 (1996); see also Rojo v. Kliger, 52 Cal. 3d

4   65, 82–83 (1990).  "FEHA provides that no complaint for any violation of its provisions may be

5   filed with the Department 'after the expiration of one year from the date upon which the alleged

6   unlawful practice or refusal to cooperate occurred.'"  Romano, 14 Cal. 4th at 492 (quoting Cal.

7   Gov't Code § 12960).  Exhaustion of administrative remedies is a jurisdictional prerequisite to

8   resort to the courts, not a matter of judicial discretion.  See, e.g., Johnson v. City of Loma Linda,

9   24 Cal. 4th 61, 70 (2000).  As with plaintiff's Title VII and ADA claims, plaintiff does not allege

10   when she filed an administrative claim with the DFEH.  Accordingly, the claim as pleaded does

11   not support relief and should be dismissed with leave to amend.

12           C.       42 U.S.C. § 1983

13           Plaintiff cannot maintain a § 1983 claim against defendant Home Depot, because

14   defendant is a private actor.  "To state a claim under § 1983, a plaintiff must allege two essential

15   elements: (1) that a right secured by the Constitution or laws of the United States was violated,

16   and (2) that the alleged violation was committed by a person acting under the color of State law."

17   Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487

18   U.S. 42, 48 (1988)).  Section 1983 "shields citizens from unlawful government actions, but does

19   not affect conduct by private entities."  Apao v. Bank of N.Y., 324 F.3d 1091, 1093 (9th Cir.

20   2003), cert. denied, 540 U.S. 948 (2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d

21   826, 835 (9th Cir. 1999) ("'[T]he party charged with a constitutional deprivation under § 1983

22   must be a person who may fairly be said to be a [governmental] actor.'").  Section "1983 excludes

23   from its reach merely private conduct, no matter how discriminatory or wrong."  Sutton, 192 F.3d

24   at 835 (citing American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)).  Defendant

25   Home Depot is a private actor.  Plaintiff does not allege otherwise.

26   ////

27   ////

28   ////

The undersigned will recommend that plaintiff's § 1983 claim be dismissed without leave to amend, because plaintiff's claim cannot possibly be cured by the allegation of other facts. [8] "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000); see also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004) (citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")).  Defendant is a private actor, and plaintiff cannot plausibly allege otherwise.  Accordingly, the defects in plaintiff's § 1983 claim cannot be cured by amendment.   Dismissal with prejudice is therefore appropriate.

### D.     42 U.S.C. § 1981

The TAC does not allege facts supporting a claim under § 1981, because plaintiff does not allege that defendant discriminated against her based on her race.  42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a).  Section 1981 prohibits discrimination based on race only.  Manatt v. Bank of Am., NA, 339 F.3d 792, 798 (9th Cir. 2003).  It does not prohibit discrimination based on sex or disability.  See id.  The statute of limitations on § 1981 claims for retaliation is four years.  Johnson v. Lucent Technologies Inc., 653 F.3d 1000, 1007 (9th Cir. 2011), as amended (Aug. 19, 2011).

Contrary to defendant's assertions, plaintiff has brought her § 1981 claim within the statute of limitations for retaliation claims under the statute.  Nevertheless, plaintiff alleges that defendant discriminated against her based on her sex and disabled status, not her race.  ECF No. ////

---

[8]  Defendant argues that plaintiff's § 1983 claim is barred by the statute of limitations.  ECF No. 49-2 at 11–12.  However, the statute of limitations for § 1983 claims is not one year, as plaintiff asserts, but two years.  Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004).  Plaintiff's complaint in this matter was filed on October 28, 2013, two years to the day after she was terminated.  ECF No. 1.  Accordingly, her claim is not barred by the statute of limitations.

1   44-1 at 9.[9]  Accordingly, plaintiff has failed to state a claim and defendant's motion must be

2   granted.  Because plaintiff's § 1981 claim is not based on allegations of racial discrimination it

3   cannot be cured by amendment, and leave to amend is not appropriate.

4        E.    FMLA

5        Defendant's motion does not specifically address plaintiff's FMLA claim, and the

6   allegations of the TAC are not facially insufficient to state a claim.  The FMLA's central

7   provision guarantees eligible employees twelve weeks of leave in a one-year period following

8   certain events, including a disabling health problem and the arrival of a new child.  Ragsdale v.

9   Wolverine World Wide, Inc., 535 U.S. 81, 86 (2002).  The employee also has the right to return

10  to his or her job after the expiration of that protected leave.  Sanders v. City of Newport, 657 F.3d

11  772, 777 (9th Cir. 2011).  The FMLA provides two ways of protecting these rights, by prohibiting

12  employers from both (1) discriminating or retaliating against employees "for opposing any

13  practice made unlawful" by the act; (2) and interfering with, restraining, or denying employees

14  rights guaranteed by the act.  Id.; see also 29 U.S.C. § 2615(a)(1), (2).  Ordinarily, a complaint

15  alleging a claim for violations of the FMLA must be filed no later than two years after the date of

16  the last event constituting the alleged violation.  29 U.S.C. § 2617(c)(1) (2008).  Where a willful

17  violation occurs, the statute of limitations is extended to three years.  29 U .S.C. § 2617(c)(2)

18  (2008).

19       Although defendant moves to dismiss plaintiff's TAC in its entirety, ECF No. 49-2 at 10,

20  16, it does not address plaintiff's FMLA claim specifically.  Plaintiff alleges that she took medical

21  leave after her child was born for approximately two months.  ECF No. 44-1 at 5.  As a result, she

22  alleges that Home Depot retaliated against her in a number of ways, including being passed up for

23  a promotion, having multiple disciplinary notices filed against her, and ultimately being

24  terminated.  Id. at 5–6.  The complaint in this matter was originally filed on October 28, 2013, the

25  day that the statute of limitations was to run.  ECF No. 1.  Accordingly, the FMLA claim is

26  timely on its face.  The undersigned cannot conclude that plaintiff could not possibly obtain relief

27

28  [9]  At the court's March 18, 2015, hearing, plaintiff confirmed that sex and disability are the only
    bases of her discrimination claims against defendant.

11

1   based on the facts alleged.  See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987)

2   (noting that a trial court may dismiss sua sponte claims that could not possibly prevail).  For these

3   reasons, the motion to dismiss should be denied as to this claim.

4         F.       California's Workers' Compensation Act: Exclusive Jurisdiction

5         The undersigned rejects defendant's argument that the Workers' Compensation Appeals

6   Board ("WCAB") has exclusive jurisdiction over plaintiff's claims, and that the action should

7   therefore be dismissed on grounds of improper venue.

8         Worker's compensation claims generally must be pursued in front of the WCAB, subject

9   to some exceptions and conditions.  Operating Engineers Local 3 v. Johnson, 1 Cal. Rptr. 3d 552,

10  555 (2003).  The California Supreme Court has recognized, however, that workers' compensation

11  exclusivity does not apply to claims involving "conduct that 'contravenes fundamental public

12  policy' . . . [and] conduct that 'exceeds the risks inherent in the employment relationship.'"

13  Miklosy v. Regents of Univ. of Cal., 44 Cal. 4th 876, 902 (2008).  For instance, acts of

14  harassment and discrimination predicated on a plaintiff's membership in a protected class are

15  deemed to exceed the risks inherent in the employment relationship and thus are not preempted

16  by the WCA.  See City of Moorpark v. Super. Ct., 18 Cal. 4th 1143, 1155 (1998).  California

17  courts have determined that FEHA claims are "clearly outside the compensation bargain."

18  Huffman v. Interstate Brands Companies, 17 Cal. Rptr. 3d 397, 412 (2004) (citing Accardi v.

19  Super. Ct., 21 Cal. Rptr. 2d 292, 295 (1993), as modified on denial of reh'g (Aug. 20, 1993)

20  ("Discrimination in employment is not a normal incident of employment.  A claim for damages

21  under the Fair Employment and Housing Act . . . is not preempted by the workers' compensation

22  act.") (citation omitted)).  Accordingly, the court finds that the exclusivity provision of WCA

23  does not apply to plaintiff's discrimination claims and venue is not improper.

24        G.       Leave to Amend

25        In amending her complaint, plaintiff must comply with Federal Rule of Civil Procedure's

26  pleading requirements.  Federal Rule of Civil Procedure 8(a)(2) requires that the complaint

27  contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in

28  order to give the defendant fair notice of what the . . . claim is and the grounds upon which it

1    rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  Rule

2    8(d)(1) states "[e]ach allegation must be simple, concise, and direct."  Although courts interpret

3    pro se pleadings liberally, a liberal interpretation of a civil rights complaint will not supply facts

4    plaintiff does not allege.  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir.

5    1997).  Moreover, the claim for relief must be "plausible on its face," meaning that the "factual

6    content [ ] allows the court to draw the reasonable inference that the defendant is liable for the

7    misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Lengthy

8    complaints can violate Rule 8 if a defendant would have difficulty responding to the complaint.

9    Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).  A

10   pleading must also state "a short and plain statement of the grounds for the court's jurisdiction"

11   and "a demand for relief sought."  Fed. R. Civ. P. 8(a), (c).

12          As the court explained to plaintiff at its March 18, 2015, hearing, in order to state a claim

13   plaintiff must allege when she filed the relevant administrative claim with the EEOC and when

14   she received the corresponding right to sue letter.  In order to avoid needless motion practice,

15   plaintiff should also attach her EEOC complaint and right to sue letter as clearly labeled exhibits.

16   Plaintiff should cite to these exhibits in the body of her amended complaint where relevant.  In

17   addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make

18   plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint

19   be complete in itself without reference to any prior pleading.  This is because, as a general rule,

20   an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

21   Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

22   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

23   and the involvement of each defendant must be sufficiently alleged.

24   II.    Motion to Strike

25          Defendant argues that plaintiff's TAC should be stricken because it consists solely of

26   "incoherent and unintelligible allegations involving a vast conspiracy within Home Depot to

27   specifically target [p]lantiff."  ECF No. 49-2 at 16.  In addition, defendant notes that plaintiff

28   admits to receiving multiple disciplinary notices prior to being terminated.  Id.  Defendant also

13

1    points to the fact that plaintiff's TAC is difficult to understand at times because it contains

2    incomplete sentences, narrow page margins and spacing, random dates, and seemingly irrelevant

3    facts.  Id.  The court finds that the deficiencies noted by defendant in plaintiff's TAC affect the

4    complaint's sufficiency under Rule 8 and 12.  However, defendant does not point to any

5    particular matter that has "no possible bearing on the subject of [this] litigation."  Platte Anchor

6    Bolt, Inc., 352 F. Supp. 2d at 1057.  Accordingly, defendant's motion to strike should be denied.

7    III.    Motion for a More Definite Statement

8           Although plaintiff's TAC is no model of clarity, it is not so unintelligible that defendant

9    cannot prepare a response.  The court has been able to determine, from a careful reading of the

10   complaint, plaintiff's causes of action and many of the facts on which they are based.  Defendant

11   is quite capable of doing the same.  Accordingly, motion for a more definite statement should be

12   denied.

13                                          CONCLUSION

14          In accordance with the foregoing, THE COURT HEREBY ORDERS that plaintiff's

15   unauthorized fourth and fifth amended complaints, ECF Nos. 53 & 54, are STRICKEN.

16          The court HEREBY RECOMMENDS that defendants' motion to dismiss, to strike, and/or

17   for a more definite statement, ECF No. 49, be GRANTED IN PART AND DENIED IN PART as

18   follows:

19          1.      Defendant's motion to dismiss be GRANTED as to plaintiff's claims for violation

20   of Title VII, ADA, and FEHA, and that plaintiff be granted leave to amend those claims;

21          2.      Defendant's motion to dismiss be GRANTED a with prejudice as to plaintiff's

22   claims for violation of 42 U.S.C. §§ 1981 and 1983;

23          3.      Defendant's motion to dismiss be DENIED as to plaintiff's claim for violation of

24   the FMLA;

25          4.      Defendant's motion to strike be DENIED; and

26          5.      Defendant's motion for a more definite statement be DENIED.

27          6.      Plaintiff be granted thirty (30) days from the date of service of the district judge's

28   order in this matter to file an amended complaint that complies with the requirements of the

                                                  14

1 Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must

2 bear the docket number assigned this case and must be labeled "Fourth Amended Complaint;"

3 failure to file an amended complaint in accordance with this order will result in a

4 recommendation that this action be dismissed without leave to amend.

5      These findings and recommendations are submitted to the United States District Judge

6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

7 after being served with these findings and recommendations, any party may file written

8 objections with the court and serve a copy on all parties.  28 U.S.C. § 636(b)(1); <u>see also</u> E.D.

9 Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's

10 Findings and Recommendations."  Any response to the objections shall be filed with the court

11 and served on all parties within fourteen days after service of the objections.  E.D. Local Rule

12 304(d).  Failure to file objections within the specified time may waive the right to appeal the

13 District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>,

14 951 F.2d 1153, 1156-57 (9th Cir. 1991).

15 DATED:  March 26, 2015

16

17 ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

15