1

2

3

4

5

6

7

8                                       UNITED STATES DISTRICT COURT

9                                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    VELDEMETRIC R. THOMAS,                            No.  2:13-cv-02250-TLN-AC

12                      Plaintiff,

13         v.                                           FINDINGS & RECOMMENDATIONS

14    HOME DEPOT U.S.A., INC.,

15                      Defendant.

16

17          On August 26, 2015, the court held a hearing on defendant's motion to dismiss.  Plaintiff

18    appeared in pro per and James Conley appeared on behalf of defendant Home Depot, U.S.A., Inc.

19    ("Home Depot").  On review of the motions, the documents filed in support and opposition, upon

20    hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT

21    FINDS AS FOLLOWS:

22                                        FACTUAL BACKGROUND

23          Plaintiff was hired as an employee at Home Depot on March 19, 2005, at a store in Yuba

24    City, California.  ECF No. 69 at 6.  From May 1, 2010, to August 1, 2010, plaintiff went on

25    maternity leave.  Id.  When plaintiff returned "Management restrained [her] from the store

26    schedule until August 4, 2010."  Id.  Plaintiff complained to HR about this on August 12, 2010.

27    Id.  Then, on August 13, 2010, "as a result of the allegations and concerns of Defendant Home

28    Depot's refusal to provide a place to pump, extended breaks, an lunch hour, supervisors accused

                                                    1

1    plaintiff of allegedly gossiping." Id.

2        On October 30, 2010, plaintiff was fraudulently accused of sharing cash registers with

3    another employee, an infraction she characterizes as a "major violation." Id. Home Depot,

4    however, subsequently retracted this disciplinary notice. Id. Plaintiff alleges that "for several

5    months [she] was subject to mistreatment in the form of isolation, reassignment, humiliation,

6    overworked, [and] verbal and psychological abuse." Id. at 7.

7        On November 2, 2010, plaintiff was told not to ask for help despite the fact that she was

8    overworked and not given the tools she needed to do her job. Id. The next day, plaintiff

9    submitted a doctor's note to the store manager and requested extended time off from November 3,

10   2010, to January 4, 2011, due to an injury. Id. Plaintiff does not explain the nature of the injury.

11   Plaintiff concedes that she could not take leave under FMLA at that time because she had already

12   exhausted her allotted twelve weeks during her maternity leave. Id. Nevertheless, plaintiff

13   asserts she was entitled to an extended 28 week period of leave because she suffered from severe

14   anxiety that caused loss of lactation. Id.

15       When plaintiff handed over her doctor's note, store manager Jim Hollingsworth chastised

16   her for requesting leave with such short notice. Id. In addition, the store manager "maliciously

17   removed plaintiff's clock in time according to her timecard to fraudulently conceal the initial date

18   of injury . . . to hide the fact [that] the injury was connected to the job." Id. Managers at Home

19   Depot then denied having knowledge that she was injured and "continued to harass and retaliate

20   against Plaintiff." Id.

21       On November 21, 2010, plaintiff requested a work-related injury form, but HR told her

22   that those are not processed in house, and that Liberty Mutual would contact her. Id. at 8.

23   Someone from Liberty Mutual called plaintiff the next day to get information on her injury. Id.

24   During the call the agent misrepresented the date plaintiff was injured and plaintiff corrected her.

25   Id. On January 22, 2011, plaintiff was reassigned and isolated "with the intent to harass and

26   retaliate against and demote Plaintiff based on her disability." Id.

27       On March 14, 2011, plaintiff filed a claim with the DFEH alleging that after she returned

28   from leave on August 4, 2010, defendant refused her request for breaks and a private room to

1    pump. Id. at 36.  Plaintiff also alleged that defendant decreased her hours and assigned her to a

2    different shift, as well as promoted a less-qualified worker, who was white.  Id.  Plaintiff further

3    alleged that she complained about her disparate treatment to management, but her complaints

4    were ignored.  Id.  In addition, plaintiff claimed that since she complained management had

5    continually threatened to demote her.  Id.  Plaintiff stated that she believed she had been

6    discriminated against based on her sex, race, and retaliated against for engaging in protected

7    activities.  Id.  On September 29, 2011, the EEOC issued a letter to plaintiff informing her that it

8    was unable to conclude a violation of the statutes occurred and that she had 90 days to file a civil

9    claim.  Id. at 37.

10        On July 25, 2011, plaintiff filed another complaint with the DFEH, claiming that she had

11   been retaliated against for engaging in a protected activity.  Id. at 40.  Plaintiff alleged that she

12   had been given a positive performance review on May 24, 2011, and then a negative performance

13   review on July 2, 2011.  Id.  Because performance reviews were usually given every six months,

14   plaintiff argued her second performance review was retaliatory.  Id.  On September 5, 2012, the

15   EEOC issued a letter to plaintiff informing her that it was unable to conclude a violation of the

16   statutes occurred and that she had 90 days to file a civil claim.  Id. at 41.

17        On October 28, 2011, plaintiff filed a third DFEH complaint, alleging that ever since she

18   filed her first complaint defendant had disciplined her and subjected her to different terms of

19   employment.  Id. at 44.  Plaintiff stated that on September 30, 2011, she was sent home from her

20   shift early for "gossiping" and required to stay on leave until October 4, 2011.  Id.  Plaintiff also

21   alleged that defendant had "failed to provide [her] with a reasonable accommodation."  Id.

22   Plaintiff stated that she believed she was being discriminated against for engaging in a protected

23   activity.  Finally, in a handwritten notation, plaintiff stated that she had been terminated on

24   October 28, 2011.  Id.  On September 5, 2012, the EEOC issued a letter to plaintiff informing her

25   that it was unable to conclude a violation of the statutes occurred and that she had 90 days to file

26   a civil claim.  Id. at 41.

27   ////

28   ////

3

1              PROCEDURAL BACKGROUND

2              Plaintiff filed her original complaint on October 28, 2013.  ECF No. 1.  On November 20,

3     2014, the court granted plaintiff's motion to proceed pro se in light of the failure of plaintiff's

4     former counsel to respond to the court's orders.  ECF No. 36.  District Judge Nunley ordered a

5     bench warrant for the arrest of plaintiff's former attorney on the undersigned's recommendation

6     after counsel failed to appear at his contempt hearing on January 15, 2015.  ECF Nos. 33, 37.

7              On January 15, 2015, plaintiff filed a first amended complaint, ECF No. 39, followed by a

8     second amended complaint on January 23, 2015, ECF No. 42.  On February 2, 2015, plaintiff

9     filed a motion to amend her complaint that attached a third amended complaint ("TAC").  ECF

10    No. 44.  On February 6, 2015, the court granted plaintiff's motion.  ECF No. 46.  Defendant then

11    moved to dismiss plaintiff's TAC on February 13, 2015, based on the assertion that (1) plaintiff's

12    federal claims were untimely and (2) she had failed to allege facts sufficient to state a claim.  ECF

13    No. 49.  On March 30, 2015, the undersigned recommended that the court dismiss all of

14    plaintiff's claims except for her FMLA claim, which defendant had not moved to dismiss.  ECF

15    No. 57.  The court adopted the undersigned's recommendations in full on May 11, 2015.  ECF

16    No. 62.

17             Plaintiff then filed a fourth amended complaint on May 18, 2015.  ECF No. 65.  That

18    complaint was then superseded by another self-styled fourth amended complaint ("FAC") after

19    the court granted plaintiff's motion for leave to amend on June 4, 2015.  ECF Nos. 68, 69, 71.  On

20    June 18, 2015, defendant filed a motion to dismiss plaintiff's FAC, arguing that (1) her claims are

21    barred as untimely, and (2) she has failed to allege facts sufficient to state a claim.  ECF No. 73.

22    On June 22, 2015, plaintiff filed an opposition to defendant's motion, which she then attempted to

23    add documents to on June 25, 2015.  ECF Nos. 75, 76.  Defendant filed a reply on August 19,

24    2015.  ECF No. 77.

25                   LEGAL STANDARDS

26    I.      Failure to State a Claim

27             The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

28    is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d

1  578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the

2  absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police

3  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a

4  claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

5  (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief

6  on the plaintiff's claims, even if the plaintiff's allegations are true.

7         In determining whether a complaint states a claim on which relief may be granted, the

8  court accepts as true the allegations in the complaint and construes the allegations in the light

9  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

10  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

11        The court may consider facts established by exhibits attached to the complaint.  Durning

12  v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

13  which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388

14  (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed

15  with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The

16  court need not accept legal conclusions "cast in the form of factual allegations."  Western Mining

17  Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

18                                          DISCUSSION

19  I.     Title VII and the Americans with Disabilities Act ("ADA")

20        The court should grant defendant's motion to dismiss plaintiff's Title VII and ADA claims

21  because they are barred by the statute of limitations.  "Discrimination claims under Title VII

22  ordinarily must be filed with the EEOC within 180 days of the date on which the alleged

23  discriminatory practice occurred."  Laquaglia v. Rio Hotel & Casino, Inc., 186 F.3d 1172, 1174

24  (9th Cir. 1999) (citing 42 U.S.C. § 2000e–5(e)(1)).  "However, if the claimant first 'institutes

25  proceedings' with a state agency that enforces its own discrimination laws—a so-called 'deferral'

26  state—then the period for filing claims with the EEOC is extended to 300 days."  Id. (citations

27  omitted).  California is a deferral state.  Josephs v. Pac. Bell, 443 F.3d 1050, 1054 (9th Cir. 2006).

28  "When the Equal Employment Opportunity Commission (EEOC) dismisses a claim, it is required

                                              5

1  to notify claimant and to inform claimant that she has 90 days to bring a civil action." <u>Scholar v.</u>

2  <u>Pacific Bell</u>, 963 F.2d 264, 266 (9th Cir. 1992). "The requirement for filing a Title VII civil

3  action within 90 days from the date the EEOC dismisses a claim constitutes a statute of

4  limitations." <u>Id.</u> at 266–67. "If [a] claimant fails to file within [the] 90-day period, the action is

5  barred." <u>Id.</u> at 267. The ADA adopts the same requirements of administrative exhaustion, as set

6  out in 42 U.S.C. §§ 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9. <u>Stiefel v. Bechtel Corp.</u>,

7  624 F.3d 1240, 1243 (9th Cir. 2010).

8     Defendant terminated plaintiff on October 28, 2011. ECF No. 69 at 15. Accordingly,

9  October 28, 2011, is the most recent date on which plaintiff could claim defendant engaged in

10  discriminatory conduct. On the day she was terminated, plaintiff filed a charge with the

11  California Department of Fair Employment and Housing ("DFEH") alleging that she was

12  terminated in retaliation for filing complaints with the DFEH. <u>Id.</u> at 44. On September 5, 2012,

13  the EEOC issued a right to sue letter to plaintiff, informing her that the agency was unable to find

14  a violation of Title VII or the ADA based on her allegations, and she had 90 days to file a civil

15  claim.[1] <u>Id.</u> at 45. Plaintiff filed her original complaint in this matter on October 28, 2013, more

16  than a year after the EEOC sent its right to sue letter. ECF No. 1. Accordingly, it is indisputable

17  that plaintiff's Title VII and ADA claims are barred by the 90-day statute of limitations and they

18  should be dismissed.

19     II.  The Family Medical Leave Act ("FMLA")

20     The court should also dismiss plaintiff's FMLA claim because she has failed to allege

21  facts sufficient to state a claim. The FMLA's central provision guarantees eligible employees

22  twelve weeks of leave in a one-year period following certain events, including a disabling health

23  problem and the arrival of a new child. <u>Ragsdale v. Wolverine World Wide, Inc.</u>, 535 U.S. 81, 86

24  (2002). The employee also has the right to return to his or her job after the expiration of that

25  protected leave. <u>Sanders v. City of Newport</u>, 657 F.3d 772, 777 (9th Cir. 2011). The FMLA

26  provides two ways of protecting these rights, by prohibiting employers from both (1)

27

28    [1] Both plaintiff's October 28, 2011, complaint and the EEOC's September 5, 2012, letter
  reference the same Charge No. 550-2012-00018. ECF No. 69 at 44, 45.

1    discriminating or retaliating against employees "for opposing any practice made unlawful" by the

2    act; (2) and interfering with, restraining, or denying employees' rights guaranteed by the act.  Id.;

3    see also 29 U.S.C. § 2615(a)(1), (2).  Ordinarily, a complaint alleging a claim for violations of the

4    FMLA must be filed no later than two years after the date of the last event constituting the alleged

5    violation.  29 U.S.C. § 2617(c)(1) (2008).  Where a willful violation occurs, the statute of

6    limitations is extended to three years.  29 U .S.C. § 2617(c)(2) (2008).

7
8
9
10
        To make out a prima facie case of FMLA interference, an employee
        must establish that (1) he was eligible for the FMLA's protections,
        (2) his employer was covered by the FMLA, (3) he was entitled to
        leave under the FMLA, (4) he provided sufficient notice of his
        intent to take leave, and (5) his employer denied him FMLA
        benefits to which he was entitled.

11   Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1243 (9th Cir. 2014) (citation and internal

12   quotation marks omitted).

13        To plead a prima facie case of retaliation in violation of FMLA, a plaintiff must allege

14   facts to support that "(1) he availed himself of a protected right under the FMLA; (2) he was

15   adversely affected by an employment decision; [and] (3) there is a causal connection between the

16   employee's protected activity and the employer's adverse employment action."  Schultz v. Wells

17   Fargo Bank, Nat. Ass'n, 970 F. Supp. 2d 1039, 1059 (D. Or. 2013).

18        Plaintiff's FAC fails to state an FMLA claim because it does not give defendant fair notice

19   of the grounds for the claim.  See Anderson v. U.S. Dep't of Hous. & Urban Dev., 554 F.3d 525,

20   528 (5th Cir. 2008).  First, plaintiff's FAC is written in such a way that it is impossible to

21   determine whether she is attempting to assert an interference FMLA claim.  For example, even

22   though plaintiff's FMLA claim includes the heading "'Retaliation' Restrain Denial and

23   *Interference* with 'FMLA Rights,'" ECF No. 69 at 20 (emphasis added), plaintiff never states she

24   was denied FMLA benefits.  In fact, plaintiff states that she "exhausted her 12 weeks of FMLA

25   leave while she was out on maternity leave."  Id. at 7.  Although plaintiff claims that she was

26   denied an *extended* 28 week leave period she sought due to severe anxiety, id., she cites no

27
28
                                                    7

1    authority that would support her entitlement to 28 weeks of leave pursuant to the FMLA. [2]

2           In addition, plaintiff does not allege facts sufficient to state a retaliation FMLA claim

3    because she does not show any causal connection between her taking leave and an adverse

4    employment action.  Plaintiff alleges that she was on maternity leave from May 1, 2010, to

5    August 1, 2010.  ECF No. 69 at 6.  When she returned, plaintiff alleges that "Management

6    restrained [her] from the store schedule until August 4, 2010."  Id.  It is not clear what plaintiff

7    means by that, but whatever she means to allege she complained to HR about it on August 12,

8    2010.  Id.  On August 13, 2010, "as a result of the allegations and concerns of Defendant Home

9    Depot's refusal to provide a place to pump, extended breaks, an lunch hour, supervisors accused

10   plaintiff of allegedly gossiping."  Id.  Plaintiff goes on to make a variety of allegations, but never

11   alleges that she suffered an adverse employment action *because of* her taking leave under the

12   FMLA.  The allegations of the complaint do not support the inference that any adverse

13   employment action was taken in response to plaintiff's assertion of rights protected by the FMLA.

14   In fact, to the extent it is possible to discern a causal relationship between defendant's actions and

15   plaintiff's, it seems more like plaintiff is alleging retaliation based on her complaints to HR.

16          III.    Leave to Amend

17          The court should dismiss plaintiff's federal claims without leave to amend.  Courts must

18   grant leave to amend where justice so requires.  Fed. R. Civ. P. 15(a).  A district court, however,

19   may in its discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on

20   the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

21   undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

22

23   [2]  After the court's hearing, on August 31, 2015, plaintiff filed a self-styled motion to "reinstate
     plaintiff's severe anxiety/panic disorder."  ECF No. 80.  Although it is somewhat unclear,
24   plaintiff's motion seems to be an attempt to amend her FAC to incorporate allegations that she
     suffered from severe anxiety.  Id.  Plaintiff seems to believe that suffering from severe anxiety
25   would entitle her to the aforementioned extended 28 week leave period.  Plaintiff does not;
     however, either in her most recent motion or her FAC, cite to any authority in support of that
26   proposition.  Nor does plaintiff point to any other explanation in her most recent motion for how
     the incorporation of allegations that she suffered from extreme anxiety would save her FAC.
27   Accordingly, the court has considered plaintiff's motion, finds that it does not affect the
     disposition of defendant's motion to dismiss, and will recommend that it be denied.
28

1    amendment.'"  Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

2    District courts have particularly broad discretion to dismiss without leave to amend where a

3    plaintiff has amended once already.  See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981,

4    1007 (9th Cir. 2009), as amended (Feb. 10, 2009).  Plaintiff has already been give one chance to

5    amend her complaint with detailed instructions by the court.  Nevertheless, she has submitted an

6    FAC that does not improve upon her previous complaints.  The defects of the complaint stem not

7    from insufficient factual detail, but from the failure of the plaintiff's detailed narrative to

8    demonstrate violations of the statutes under which she purports to bring suit.  Moreover, the

9    EEOC letters attached to plaintiff's complaint make it abundantly clear that her Title VII and

10   ADA claims are untimely.  Accordingly, the court will recommend that plaintiff's federal claims

11   be dismissed without leave to amend because amendment would be futile.

12        IV.    State Law Claims

13        Plaintiff's federal claims provide the sole basis for federal subject matter jurisdiction here.

14   While federal courts may exercise supplemental jurisdiction over state law claims "that are so

15   related to claims in the action within [the court's] original jurisdiction that they form part of the

16   same case or controversy under Article III of the United States Constitution," 28 U.S.C. §

17   1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all

18   claims over which it has original jurisdiction," id. § 1367(c)(3).  Indeed, unless "considerations of

19   judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of

20   supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state

21   claims."  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).  When a court dismisses a

22   plaintiff's federal claims on the merits and declines to adjudicate her supplemental state law

23   claims, "the preferable course of action is dismissal of the remaining claims without prejudice."

24   Montazer v. SM Stoller, Inc., 363 F. App'x 460, 462 (9th Cir. 2010) (citing Les Shockley Racing,

25   Inc. v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989)).  In light of the court's

26   recommendation that plaintiff's federal claims be dismissed without leave to amend, it

27   ////

28   ////

1   recommends that plaintiff's remaining state law claims be dismissed without prejudice.[3]

2                                          CONCLUSION

3          In light of the foregoing, THE COURT HERBY RECOMMENDS that:

4          1.  Defendant's motion to dismiss, ECF No. 73, be GRANTED without leave to amend as

5   to plaintiff's Title VII, ADA, and FMLA claims and without prejudice as to her state law claims;

6   and

7          2.  Plaintiff's self-styled motion to "reinstate plaintiff's severe anxiety/panic disorder,"

8   ECF No. 80, be DENIED.

9          These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

11  days after being served with these findings and recommendations, any party may file written

12  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

13  Findings and Recommendations."  Any reply to the objections shall be served and filed within

14  fourteen (14) days after service of the objections.  The parties are advised that failure to file

15  objections within the specified time may waive the right to appeal the District Court's order.

16  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  DATED:  September 21, 2015

18                                          _____
                                            ALLISON CLAIRE
19                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25  _____
    [3]  It goes without saying that any complaint plaintiff files in this matter or any other must assert a
26  valid basis for federal subject matter jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of
    Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess
27  only that power authorized by Constitution and statute.")  Accordingly, if plaintiff were to file an
    amended complaint in this matter re-asserting his state law claims without a valid basis for federal
28  jurisdiction the court would summarily dismiss that amended complaint sua sponte.

10